CHARLES WASHINGTON v. STATE.

No. A-5486. Opinion Filed May 8, 1926.
(245 Pac. 907.)

F. R. Burns and E. G. Avery, for plaintiff in error.

Geo. F. Short, Atty. Gen., for the State.

PER CURIAM. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Ottawa county on a charge of having unlawful possession of two half pints of whisky, with intent to sell, and sentenced to serve six months in the county jail, and to pay a fine of $500.

The record discloses that a deputy sheriff, with a search warrant, went to the residence of the defendant, a two-room house in Douthat, occupied by the wife of the defendant, two small children, and his aged mother. The defendant was not at home, and copy of the search warrant was given the wife, and a search made. In the pocket of the coat two half pint bottles of whisky was found. There was also an empty jug and an empty fruit

jar. The jar contained a small quantity of whisky, "probably about enough for one drink." The jury did not assess the punishment; the court imposed the maximum.

It is contended that the search warrant was illegal as based on insufficient affidavit. We do not deem it necessary to set out the affidavit, but find it sufficient. The further contention is made that the evidence is insufficient. There was no evidence that the two half pints of whisky were kept for an unlawful purpose, unless the empty jug and the fruit jar with a small quantity of whisky should be so considered, and, by chapter 123 of the Session Laws 1924, the keeping in excess of one quart at any place including the residence is made prima facie evidence of an intent to violate the liquor law. In this case the quantity found is less than one quart, and the prima facie evidence rule does not obtain. Without the application of this rule there is not sufficient evidence to sustain the verdict and judgment.

The case is reversed and remanded, with instructions to dismiss.